NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-651

COMMONWEALTH

vs.

JOSEPH R. LIMA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, a District Court judge convicted the defendant, Joseph R. Lima, of malicious killing of a domestic animal, a cat, in violation of G. L. c. 266, § 112. The defendant appeals, arguing in part that the prosecutor's questions to a police officer witness -- which brought out that the defendant refused to speak to the police when the police came to question him (and after the defendant had received Miranda warnings) -- violated the protections enunciated in Doyle v. Ohio, 426 U.S. 610, 611, 616-619 (1976), and constituted error that was not harmless beyond a reasonable doubt. We agree, and accordingly vacate the defendant's conviction.

Discussion. 1. Reference to the defendant's decision to remain silent. The defendant first argues that his right to

remain silent was violated when the prosecutor elicited testimony from a police officer that the defendant indicated that he did not want to speak to the police. During the direct examination of the police officer, the prosecutor brought out that the officer had received a complaint from the defendant's former girlfriend, a co-owner of the cat, to the effect that the defendant killed the cat. The officer testified that she then went to the defendant's home, after which the following exchange and objections occurred:

> THE PROSECUTOR: "And, when you went to speak with [the defendant], did he answer any questions? Did he speak with you?"

> DEFENSE COUNSEL: "Objection, Judge."

> THE JUDGE: "Overruled. . . . You can answer."

> THE WITNESS: "I -- So, he did not necessarily speak with me. I mean, he said words, but he did not answer any questions that I asked, if that's what you're asking."

> THE PROSECUTOR: "Did he indicate that he wanted to speak with you?"

> DEFENSE COUNSEL: "Objection, Judge."

> THE WITNESS: "No -- Oh, sorry."

> THE JUDGE: "Overruled, given the answer."

> THE PROSECUTOR: "And, would you just repeat that for the record?"

> THE WITNESS: "No. . . . He did not wish to speak to us."

During cross-examination of the officer, defense counsel brought out that before she started questioning the defendant, the officer had provided the Miranda warnings:

DEFENSE COUNSEL:  "And, then, as far as going to speak to [the defendant], you went and you knocked on his apartment door, right?"

THE WITNESS:  "Yes."

DEFENSE COUNSEL:  "And, [you] read him his Miranda warnings, correct?"

THE WITNESS:  "Yes."

DEFENSE COUNSEL:  "And, he exercised his rights under the Miranda warnings, correct?"

THE WITNESS:  "Correct."

"There is no question that, under the fundamental principles of jurisprudence, evidence of a criminal defendant's postarrest, post-Miranda silence cannot be used for the substantive purpose of permitting an inference of guilt." Commonwealth v. Mahdi, 388 Mass. 679, 694 (1983).  Further, "[t]estimony regarding a defendant's statements indicating his or her intention to remain silent are 'equally unacceptable.'" Commonwealth v. Beneche, 458 Mass. 61, 73 (2010), quoting Mahdi, supra at 694-695.  Such an admission of a defendant's postinvocation statement constitutes a violation of the defendant's constitutional right to remain silent.  See, e.g., Doyle, 426 U.S. at 617-618; Beneche, supra at 73, citing Commonwealth v. Peixoto, 430 Mass. 654, 658-659 (2000).  Here,

3

the officer's testimony that the defendant did not want to speak to police after receiving Miranda warnings, introduced by the prosecutor, violated these principles.[1]

The Commonwealth argues, however, that if it was error to admit the testimony, such error was harmless beyond a reasonable doubt.  See Commonwealth v. Delossantos, 492 Mass. 242, 249-253 (2023); Commonwealth v. Tiscione, 482 Mass. 485, 493 (2019).  We disagree.  See Tiscione, supra at 493 (burden to show error was harmless beyond reasonable doubt was on Commonwealth, as "beneficiary of a constitutional error" [citation omitted]).  In considering whether a Doyle error is harmless beyond a reasonable doubt, we consider:  "(1) the relationship between the evidence and the premise of the defense; (2) who introduced the issue at trial; (3) the weight or quantum of evidence of guilt; (4) the frequency of the reference; and (5) the availability or effect of curative instructions."  Mahdi, 388 Mass. at 696-697.  The Supreme Judicial Court in Mahdi, id. at 698, stated that "[t]he nature of a Doyle error is so egregious that reversal is the norm, not the exception."

---

[1] The Commonwealth contends that it is unclear whether the officer's answers addressed prearrest or postarrest statements of the defendant.  However, as revealed by defense counsel's questioning, supra, the defendant indicated that he did not wish to speak to the police after receiving his Miranda warnings.

Here, we cannot say that the admission was harmless error. The first three of the Mahdi factors indicate that the error was not harmless, particularly the relationship between the evidence and the defense, and the strength (or lack thereof) of the Commonwealth's case. The remaining Mahdi factors do not point us to a different result.

As to the first and second Mahdi factors, the central premise of the defense was that the defendant's former girlfriend, who reported the incident, fabricated her allegation that the defendant killed the cat. The testimony elicited by the Commonwealth -- that the defendant refused to speak to the police -- tended to undermine that defense, by suggesting to the factfinder that if the defendant was being falsely accused, he likely would have wanted to speak with the police.

Further, the strength of the evidence against the defendant (factor 3) was not overwhelming. The Commonwealth's case hinged almost exclusively on the testimony of the girlfriend, who testified that the defendant admitted to her that he killed the cat, and that she saw specks of blood on the bathroom floor at the time of the defendant's admission.[2] Although there was some corroboration of the girlfriend's testimony, in that the cat was

---

[2] The girlfriend testified that the defendant stated that when he killed the cat, the cat started bleeding from its mouth.

5

not seen again, no witnesses offered testimony describing the incident, and no physical or documentary evidence, including photographs, were introduced by the Commonwealth.  The Commonwealth's sole other witness was the police officer who investigated the complaint.  Under the circumstances, the Commonwealth's effort to emphasize that the defendant did not speak to the police could well have improperly bolstered the credibility of the girlfriend in the eyes of the factfinder.[3]

2. <u>Sufficiency of the evidence</u>.  The defendant also argues that the evidence was insufficient as a matter of law to establish the elements of the crime of malicious killing of a domestic animal.  See G. L. c. 266, § 112.

We review the sufficiency of the evidence to determine whether "there was enough evidence that could have satisfied a rational trier of fact of each . . . element beyond a reasonable doubt."  <u>Commonwealth</u> v. <u>Latimore</u>, 378 Mass. 671, 677-678 (1979).  We consider the evidence "in the light most favorable

---

[3] The Commonwealth also contends that the error was harmless beyond a reasonable doubt as this was a jury-waived trial, where there is a presumption that the judge has correctly instructed herself on the law, and a judge may not be as affected by impermissible testimony as a jury.  See <u>Commonwealth</u> v. <u>Murungu</u>, 450 Mass. 441, 448 (2008); <u>Commonwealth</u> v. <u>Kerns</u>, 449 Mass. 641, 650 n.13 (2007).  However, here, where the judge overruled defense counsel's objections and admitted the erroneous testimony, neither presumption applies.  Contrast <u>Murungu</u>, <u>supra</u> at 448 (judge indicated familiarity with first complaint doctrine on record).

6

to the Commonwealth."  Commonwealth v. Kobrin, 72 Mass. App. Ct. 589, 597 (2008).  When evaluating sufficiency of corroborating evidence to an admission, "the standard we apply requires merely that there may be some evidence, besides the confession, that the criminal act was committed by someone, that is that the crime was real and not imaginary" (quotations and citations omitted).  Commonwealth v. Rodriguez, 76 Mass. App. Ct. 59, 63 (2009).

We consider the sufficiency of the evidence "upon that which was admitted in evidence without regard to the propriety of the admission."  Commonwealth v. Sepheus, 468 Mass. 160, 164 (2014) (citation omitted).  Here, there was sufficient evidence to support the defendant's conviction.[4]

As discussed, the defendant confessed to the girlfriend that he killed the cat, and provided significant detail -- including that he choked the cat; blood came out of the cat's mouth when he killed the cat; and he threw the cat away and did not bury it.  And in addition to the defendant's admissions, upon arriving at the apartment, the girlfriend saw blood specks on the bathroom floor and did not see the cat.  She never saw the cat again.  Though the evidence was not overwhelming, the

---

[4] We note that the evidence is sufficient even if we leave aside the improperly admitted evidence of the defendant's decision to remain silent.

7

evidence and the inferences therefrom, viewed in the light most favorable to the Commonwealth, were sufficient to allow a rational trier of fact to infer that the defendant killed the cat, corroborating the defendant's admissions.  See Commonwealth v. Forde, 392 Mass. 453, 458 (1984) (sufficient evidence where death of victim corroborated confession); Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 353 (2015) (weight of evidence is not determination of sufficiency of evidence).

However, as noted, supra, the admission of evidence that the defendant did not want to speak to police was an error that was not harmless beyond a reasonable doubt.  See Commonwealth v. Vasquez, 456 Mass. 350, 362 (2010) (in reviewing harmless error, "[i]t is not enough for the Commonwealth to demonstrate that its other, properly admitted evidence was sufficient to convict the defendant . . ." [quotation and citation omitted]).

Accordingly, the judgment is vacated, and the finding is set aside.

                          So ordered.

                          By the Court (Rubin,
                            Englander & D'Angelo, JJ.[5]),

                          Clerk

Entered:  June 24, 2024.

_____

        [5] The panelists are listed in order of seniority.

8